IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| RICHARD VOGELSONG<br>511 North Ottokee Street<br>Wauseon, Ohio, 43567 | ) ) ) ) | CASE NO.<br><br>JUDGE: |
| On behalf of himself and all<br>others similarly-situated | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | **COMPLAINT FOR DAMAGES** |
| HAAS DOOR COMPANY<br>c/o Edward Nofziger, statutory agent<br>320 Sycamore Street<br>Wauseon, Ohio, 43567 | ) ) ) ) ) ) | **(Jury Demand Endorsed Hereon)** |
| Defendant. | ) | |

## INTRODUCTION

1. Defendant Haas Door Company ("Haas" and/or "Defendant") failed to pay Plaintiff Richard Vogelsong and other similarly-situated employees for all overtime hours worked through a companywide practice of unlawfully rounding time records in a way that only favored Haas. Accordingly, Defendants' conduct violated the Fair Labor Standards Act ("FLSA"), 29 U.S. Code § 207. On behalf of himself and all other similarly situated employees, Vogelsong brings this collective action for the recovery of unpaid minimum overtime wages under the FLSA, 29 U.S.C. § 216(b). Members of the collective action are referred to as the "**FLSA Collective Class Members.**" Haas also brings a claim for retaliation under the FLSA and the Families First Coronavirus Response Act ("FFCRA") individually.

## PARTIES.

1. Vogelsongf is a resident of the city of Wauseon, county of Fulton, state of Ohio.

2. Defendant is a domestic corporation with a principal place of business located in the city of Wauseon, county of Fulton, state of Ohio.

3. The FLSA Collective Class Members are all current and former hourly employees of Haas who worked at its Wauseon, Ohio location and who worked for Defendants at any time during the three-year period prior to the filing of this Complaint to the present

## PERSONAL JURISDICTION.

4. Defendant hires citizens of the state of Ohio, contracts with companies in Ohio, and owns or rents property in Ohio. As such, the exercise of personal jurisdiction over Defendant comports with due process.

5. Vogelsong performed work in this judicial district, was paid unlawfully by Defendant pursuant to work performed in this district and/or was hired out of this district.

6. This cause of action arose from or relates to the contacts of Defendant with Ohio residents, thereby conferring specific jurisdiction over Defendant.

## SUBJECT MATTER JURISDICTION AND VENUE.

7. This Court has jurisdiction over the subject matter of this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

8. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Vogelsong's state law claims under the Ohio Minimum Fair Wage Standards Act ("OMFWSA") and the Ohio Constitution, because those claims derive from a common nucleus of operative facts.

9. Venue is proper in this District because Defendant does a sizeable portion of its business in this District, and many of the wrongs herein alleged occurred in this District.

## COVERAGE.

10. At all times referenced herein, Defendant formed a single enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r); and formed a single enterprise engaged in

commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that enterprise had an annual gross volume of sales made or business done of not less than $500,000.00.

11. During all times material to this Complaint, Defendant was Vogelsong's "employer" within the meaning of Section 3(d) of FLSA, 29 U.S.C. § 203(d); Section34a, Article II, of the Ohio Constitution; and the Ohio Minimum Fair Wages Standards Act ("OMWFSA").

12. At all times referenced herein, Defendant was a private employer with fewer than 500 employees, and was a covered employer under the Families First Coronavirus Response Act ("FFCRA").

**STATEMENT OF FACTS.**
**(Defendant' Unlawful Time Rounding Practice).**

13. Defendant is a manufacturer and installer of garage doors for homes and businesses.

14. Defendant employs 20-60 hourly employees out of its Wauseon, Ohio facility.

15. At all times referenced herein, Defendant maintained a company wide, unlawful time rounding policy ("Rounding Policy").

16. Pursuant to Defendant' Rounding Policy, any "punch" that was ten minutes or less before the nearest hour would be rounded up to the nearest hour.

17. Pursuant to Defendant' Rounding Policy, any "punch" that was ten minutes or less after the nearest hour would be rounded up to the nearest quarter hour.

18. Defendant' Rounding Policy was not neutral.

19. Defendant' Rounding Policy did not average out so that hourly employees were paid for all time worked.

20. Defendant' Rounding Policy only favored Defendant.

21. Over the three year period contemplated by this action, Defendant' Rounding Policy resulted in the systematic in failure to compensate hourly employees properly for all the time they have actually worked.

22. As a result of Defendant' Rounding Policy, hourly employees were denied overtime pay for all of the hours they worked over 40 in a given week.

23. Defendant' Rounding Policy was a form of wage theft, knowingly and willfully undertaken to lower Defendant' labor costs.

### (Facts Relating To Vogelsong's Employment With Defendant).

24. Vogelsong incorporates by reference each of the allegations contained in the preceding paragraphs.

25. Vogelsong is a former employee of Defendant.

26. Defendant hired Vogelsong on or around November 23, 2015 as a "spider" or general laborer.

27. At all times referenced herein, Vogelsong was paid on an hourly basis.

28. Vogelsong frequently worked in excess of 40 hours per week during his employment with Defendant.

29. As a result of Defendant' rounding policy, as described in Paragraphs 15-23 above, Vogelsong was not paid for all overtime hours worked.

30. At all times referenced herein, Defendant had a girlfriend whom he lived with.

31. In or around November of 2020, Defendant' girlfriend was diagnosed as positive for Covid-19.

32. Vogelsong's girlfriend was ordered to quarantine for two weeks while she was positive for Covid-19.

33. Vogelsong reasonably believed that he had a bona fide need to care for his girlfriend while she was sick with Covid-19.

34. Vogelsong requested that Defendant provide him with leave under the FFCRA.

35. Defendant provided Vogelsong unpaid leave in response to Vogelsong's request for FFCRA leave. ("Unpaid Leave").

36. Upon returning to work, Vogelsong requested that he be paid for his Unpaid Paid leave as required by the FFCRA.

37. Initially, Defendant refused to pay Vogelsong for his unpaid leave.

38. After Vogelsong continued to complaint, Defendant relented and paid Vogelsong for his unpaid leave.

39. Subsequently, Defendant "randomly" required Vogelsong to take a urine test.

40. Vogelsong complied with Defendant' request and took a urine test.

41. On December 23, 2020, Defendant suddenly terminated Vogelsong.

42. As justification for terminating Vogelsong, Defendant claimed that Vogelsong had used someone else's urine to pass the urine test.

43. Defendant' stated reason for terminating Vogelsong has no basis in fact.

44. Vogelsong had not used someone else's urine to pass the urine test.

45. There was no reason for Defendant to believe that Vogelsong had used someone else's urine to pass the urine test.

46. Defendant' stated reason for terminating Vogelsong was not sufficient to merit Vogelsong's termination.

47. In terminating Vogelsong, Defendant treated Vogelsong differently than similarly situated employees who had not exercised their rights under the FFCRA.

48. Upon information and belief, Defendant continued to employ certain employees even after they experienced a heroin overdose on company property.

49. Defendant' purported reason for terminating Vogelsong was a pretext for retaliation.

50. Defendant retaliated against Vogelsong because Vogelsong had engaged in protected activity by requesting FFCRA leave and insisting that he be paid for his FFCRA leave.

51. As a result of Defendants' unlawful conduct, Vogelsong has suffered and continues to suffer damages.

### (Collective Action Allegations).

52. Vogelsong incorporates by reference each of the allegations contained in the preceding paragraphs.

52. Vogelsong brings this as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all similarly-situated individuals who are part of the following class:

> All current and former hourly employees who worked for Defendants at any time during the three-year period at its Wauseon, Ohio location before the filing of this Complaint to present.

53. At all times referenced herein, Defendant applied the Rounding Policy to all the FLSA Collective Class Members, resulting in the systematic underpayment of overtime.

54. Collective Action treatment of Vogelsong's FLSA claim is appropriate because Vogelsong and the FLSA Collective Class Members have been subjected to the common business practices referenced in paragraph 15-23, *supra*, and the success of their claims depends on the resolution of common issues of law and fact, including, *inter alia*, whether Defendant's enterprise-wide practices failed to properly compensate the FLSA Collective Class Members for all hours worked.

55. Alternatively, in the event this Court does not certify this action as a collective action, Vogelsong pursues his FLSA claim individually.

## COUNT I: FAILURE TO PAY OVERTIME IN VIOLATION OF THE FLSA, 29 U.S.C. § 207.
### (Asserted By Vogelsong On Behalf Of Himself Individually And On Behalf Of The Putative Collective).

56. Vogelsong restates each and every prior paragraph of this Complaint, as if it were fully restated herein and further alleges as follows:

57. The FLSA requires each covered employer such as Defendant to compensate all non-exempt employees at a rate of not less than 1.5 times the regular rate of pay for work performed in excess of 40 hours in a work week.

58. Vogelsong and those similarly-situated were not exempt from the right to receive overtime pay under the FLSA during their employment with Defendant.

59. Vogelsong and those similarly-situated are entitled to be paid overtime compensation for all overtime hours worked.

60. At all times relevant to this Complaint, Defendant had a companywide practice and policy of improperly rounding the time records of Vogelsong and those similarly situated in a manner that only favored Defendant, and which resulted improperly resulted in the systematic underpayment of overtime to Vogelsong and those similarly-situated.

61. As a result of Defendant's failure to properly compensate Vogelsong and those similarly-situated at a rate not less than 1.5 times their regular rate of pay for all work performed in excess of 40 hours in a work week, Defendants violated the FLSA, 29 U.S.C. §§ 201 et. seq., including 29 U.S.C. § 207(a)(1) and § 215(a).

62. Defendant's failure and refusal to pay Vogelsong and those similarly-situated overtime wages for all overtime hours worked was willful, intentional, and not in good faith.

63. Vogelsong and those similarly-situated are entitled to all legal and equitable remedies available for violations of the FLSA, including, but not limited to, back pay, liquidated

7

damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and litigation costs, and other compensation pursuant to the FLSA.

### COUNT II: VIOLATION OF THE OHIO MINIMUM FAIR WAGE STANDARDS ACT, O.R.C. § 4111.03, *et seq*, BASED ON FAILURE TO PAY OVERTIME. (Asserted Individually By Vogelsong Only).

64. Vogelsong restates each and every prior paragraph of this Complaint, as if it were fully restated herein and further alleges as follows:

65. Ohio R.C. § 4111.03 provides that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one workweek, in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the [FLSA]…"

66. As a result of its unlawful Rounding Policy, Defendant failed to pay Vogelsong overtime for all hours he worked in excess of 40 per week.

67. In denying Vogelsong overtime compensation, Defendant violated the OMFWSA and Article II, Section 34a of the Ohio Constitution.

68. As a direct and proximate result of Defendant's unlawful conduct, Vogelsong has suffered and will continue to suffer a loss of income and other damages.

69. Having violated the OMFWSA, Defendant is liable to Vogelsong pursuant to O.R.C. § 4111.10 for the full amount of his unpaid overtime and for costs and reasonable attorneys' fees. Additionally, Defendant is liable to Vogelsong for an amount equal to twice his unpaid wages.  O.R.C. § 4111.14(J).

### COUNT III: UNLAWFUL RETALIATORY TERMINATION IN VIOLATION OF THE FFCRA/FLSA. (Asserted Individually By Vogelsong Only).

70. Vogelsong restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

71. Section 5104 of the FFCRA provides that it "shall be unlawful for any employer to discharge, discipline, or in any other manner discriminate against any employee who (1) takes emergency paid sick leave... and (2) has filed any complaint or instituted or caused to be instituted any proceeding under or related to the use of emergency paid sick leave (including a proceeding that seeks enforcement of [the emergency paid sick leave provisions of the FFCRA]), or has testified or is about to testify in any such proceeding."

72. Vogelsong took FFCRA leave.

73. Vogelsongs' complaints concerning his reasonable belief that he was entitled to pay while on an employer-required quarantine under the FFCRA qualified as "fil[ing] a complaint" within the meaning of the FFCRA. See *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 131 S.Ct. 1325, 179 L.Ed.2d 379 (2011); *Moore v. Freeman*, 355 F.3d 558, 562-63 (6th Cir. 2004).

74. Vogelsong engaged in protected activity by asserting his reasonable belief that he was entitled to leave under the FFCRA.

75. Vogelsong engaged in protected activity by asserting his reasonable belief that he was entitled to be paid for his FFCRA leave.

76. A two to three weeks after Vogelsong engaged in protected activity under the FFCRA, Defendants terminated his employment.

77. Defendants terminated Vogelsong in retaliation for his complaints regarding his perceived rights under the FFCRA.

78. In terminating Vogelsong, Defendants willfully violated section 5104 of the Emergency Paid Sick Leave Act ("EPSLA").

79. Defendants willful violation of the FFCRA and the EPSLA constitutes a violation of the FLSA, 29 U.S.C. §215(a)(3)

80. There is a casual link between the adverse actions and the employment actions herein, including the termination of Vogelsong.

81. As a result of Defendant's acts, Vogelsong has suffered and will continue to suffer damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Richard Vogelsong requests judgment against Defendant and for an Order:

a. Designating this action as a collective action on behalf of Plaintiff and the Collective he seeks to represent pursuant to the Fair Labor Standards Act, issuing notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in Collective apprising them of the pendency of this action, which will permit them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b), and equitably tolling the statute of limitations from the date of filing this Complaint until the expiration of the deadline for filing consent to sue forms pursuant to 29 U.S.C. § 216(b);

b. Designating Plaintiff as the representative for the Collective;

c. Issuing a declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. §§ 201 *et seq.*.;

d. Issuing a declaratory judgment that Defendants violated the recording-keeping requirements of the FLSA, 29 U.S.C. §§ 201 et. seq., including 29 U.S.C. § 211(c) and § 215(a),

e. Awarding Plaintiff and the Collective unpaid overtime wages and an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

f. Awarding damages, including actual, general, special, incidental, statutory, punitive, treble, liquidated, and consequential to Plaintiff for his individual claims;

g. Issuing an injunction prohibiting Defendants from continued unlawful practices, policies and patterns set forth herein;

h. Awarding pre-judgment and post-judgment interest as provided by law;

i. Awarding reasonable attorneys' fees and costs; and

j. Awarding such other and further relief that this Court deems appropriate.

        Respectfully submitted,

        */s/Chris P. Wido*
        Chris Wido (0090441)
        **THE SPITZ LAW FIRM, LLC**
        25200 Chagrin Boulevard, Suite 200
        Beachwood, Ohio 44122
        Phone: (216) 291-4744
        Fax:    (216) 291-5744
        Email: chris.wido@spitzlawfirm.com

        *Attorney for Plaintiff Richard Vogelsong*

## JURY DEMAND

Plaintiff Richard Vogelsong demands a trial by jury by the maximum number of jurors permitted.

        */s/Chris P. Wido*
        Chris P. Wido (0090441)
        **THE SPITZ LAW FIRM, LLC**